IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARCELIA MONTIZE, EVENCIO GARCIA
and AGUSTIN GARCIA GONZALEZ                                        PLAINTIFFS

V.                          Case No. 07-CV-1073

PITTMAN PROPERTIES LIMITED PARTNERSHIP #1;
D&M PITTMAN, INCORPORATED;
DAWOOD AYDANI; MICKEY H. PITTMAN and
PITTMAN NURSERY CORPORATION                                        DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is a Motion for Partial Judgment on the Pleadings filed by Separate Defendant Pittman Nursery Corporation. (Doc. 69). Plaintiffs have not responded, and the time for response has passed.[1] The Court finds this matter ripe for consideration.

**I. BACKGROUND**

In this action, Plaintiffs were migrant agricultural workers employed by Pittman Nursery Corporation for seasonal work. They allege that a former Pittman Nursery employee, Dawood Aydani, extorted money from them over the course of several years, in the form of kickbacks, and that such extortion effectively reduced Plaintiffs' net compensation below the federal and state minimum wage. Specifically, Plaintiffs allege that Mr. Aydani required Plaintiffs to pay him $1,000 cash to secure and keep their employment. They further allege that these funds were then shared with some of the other Defendants in this action.

---

[1]Plaintiffs were given until June 16, 2009, to file their response. (Doc. 75).

Plaintiffs assert causes of action under the Fair Labor Standards Act ("FLSA"), under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and for negligent supervision. Pittman Nursery asks the Court to dismiss the non-FLSA claims and argues that these claims are preempted by the FLSA.

## II. DISCUSSION

When considering a motion for judgment on the pleadings, the Court is required to accept as true all factual allegations set out in the complaint and to construe the complaint in the light most favorable to the non-movant. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8tn Cir. 2006)). A motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), is resolved under the same legal standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A plaintiff does not need to plead detailed factual allegations to survive a motion for judgment on the pleadings, but the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The plaintiff may support his or her claims by showing any set of facts consistent with the allegations in the complaint. *Id.*

*A. Preemption*

The FLSA authorizes workers to file private actions to recover unpaid wages, damages, costs, and attorneys' fees. 29 U.S.C. § 216(b). Pittman Nursery argues that, because Congress intended that these remedies be exclusive, duplicative claims seeking damages beyond those established under

the FLSA are preempted by federal law. In the present case, Pittman Nursery asserts that the FLSA preempts Plaintiffs' state law and RICO claims because these claims are duplicative. The Court does not agree.

The Eighth Circuit has not addressed the issue of whether the remedies under the FLSA are exclusive. The Court is aware that the Fourth Circuit has held that the FLSA preempts claims that "depend on establishing that [the employer] violated the FLSA." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007). Several other district courts outside of the Eighth Circuit have ruled that state claims are preempted by the FLSA where those claims merely duplicate the FLSA claims. *Id.* at 194. On the other hand, the Ninth Circuit has held that the FLSA does not preempt common law fraud claims and that the FLSA does not provide exclusive remedies for violating its provisions. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151-53 (9th Cir. 2000). Also, several district court cases within the Eighth Circuit have held that the FLSA does not provide the exclusive remedy for its violations and does not preempt state law claims even when there is a common core of operative facts. *See Cortez v. Neb. Beef, Inc.*, Nos. 8:08CV90, 8:08CV99, 2010 WL 604629 (D. Neb. Feb. 16, 2010); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008); *Robertson v. LTS Management Services, LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008); *Osby v. Citigroup, Inc.*, No. 07-CV-06085-NKL, 2008 WL 2074102 (W.D. Mo. May 14, 2008). Most district courts in the Eighth Circuit agree that the FLSA's savings clause, which allows states to enact stricter wage, hour, and child labor provisions, indicates that the FLSA does not provide an exclusive remedy for its violations. *Bouaphakeo*, 564 F. Supp. 2d at 882. In fact, "it would seem that state law may offer an alternative legal basis for equal or more generous relief for the same alleged wrongs." *Cortez*, 2010 WL 604629, at *6.

Here, the Court is more persuaded by the opinions of district courts within the Eighth Circuit and adopts the view that the FLSA does not provide an exclusive remedy for violations of its provisions. Accordingly, the Court does not agree with Pittman Nursery that Plaintiffs' non-FLSA claims are preempted by the FLSA.

*B. Failure to State a Claim*

Pittman Nursery argues that the Court should dismiss Plaintiffs' non-FLSA claims for conversion, negligent supervision, *respondeat superior*, retaliation, and relief under RICO and under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), because Plaintiffs have failed to state claims upon which relief may be granted. To survive a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a claim must have "facial plausibility when the plaintiff pleads a factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Igbal* ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court must take all facts alleged in the complaint as true, but "threadbare" assertions of a cause of action are insufficient. *Charles Brooks Co. v. Ga.-Pa., L.L.C.*, 552 F.3d 718, 721 (8th Cir. 2009); *Igbal*, 129 S. Ct. at 1949.

1.  RICO

RICO makes it "unlawful for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To demonstrate a civil violation of this section, "a plaintiff must establish (1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's

actions constitute a pattern of racketeering activity." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (1996).

Pittman Nursery asserts that Plaintiffs fail to sufficiently allege a RICO enterprise. The "enterprise" element is satisfied by facts showing the existence of a legal entity or a "union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise "must exhibit three basic characteristics: (1) a common or shared purpose; (2) some continuity of structure or personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering." *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 769-70 (8th Cir. 1992). An "enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524 (1981). The existence of an enterprise may be determined if "the enterprise would still exist were the predicate acts removed from the equation." *Handeen v. Lemaire*, 112 F.3d 1339, 1352 (8th Cir. 1997). The enterprise must be distinct from the person named as the RICO defendant. *United Healthcare*, 88 F.3d at 570.[2]

Here, the complaint contains no clear allegations relating to the existence of an enterprise that includes the Defendants. There is no allegation that this group of Defendants operates as an enterprise. The complaint contains no facts that demonstrate the existence of an enterprise and no facts that would support the conclusion that all Defendants shared the common purpose of extorting money from the Plaintiffs. Accordingly, Plaintiffs have failed to sufficiently plead the existence of

---

[2] The Supreme Court has held that a corporate owner/employee is distinct from the corporation/enterprise and is subject to liability under RICO. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163, 121 S. Ct. 2087 (2001).

an enterprise as required by RICO. For these reasons, Plaintiff's RICO and RICO conspiracy allegations are dismissed as to all Defendants.

### 2. Negligent Supervision

In their complaint, Plaintiffs allege that Defendants are liable for their negligent supervision of Mr. Aydani. Pittman Nursery argues that Plaintiffs have failed to state a claim for negligent supervision because Plaintiffs have not alleged that any Pittman Nursery employee committed an actionable tort against them. Under a negligent supervision theory, "employers are subject to direct liability for the negligent supervision of employees when third parties are injured as a result of the tortious acts of employees." *Madden v. Aldrich*, 346 Ark. 405, 415, 58 S.W.3d 342, 350 (2001). To prove an employer's liability under this theory, the plaintiff must show that the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm. *Id*. "It is not necessary that the employer foresee the particular injury that occurred, only that he or she reasonably foresee an appreciable risk of harm to others." *Id*.

Here, Plaintiffs have alleged that Defendants knew or should have known that "their failure to supervise Mr. Aydani presented an unreasonable risk of danger to Plaintiffs and other seasonal agricultural workers of oppressive and extortionate conduct." (Doc. 43, p. 7). However, it is unclear from the complaint what tortious act Plaintiffs are alleging that Mr. Aydani or any other Pittman Nursery employee committed for which Pittman Nursery could be liable for negligent supervision. Thus, Plaintiffs have failed to sufficiently plead a cause of action for negligent supervision. For these reasons, Plaintiff's negligent supervision claim is dismissed as to all Defendants.

### 3. *Respondeat Superior*

In their complaint, Plaintiffs allege that "[t]o the extent that Defendant Aydani's conduct toward Plaintiffs was outside the course and scope of his employment, the remaining Defendants are nevertheless responsible therefor under the doctrine of *respondeat superior*, because it resulted from their negligent supervision of him." (Doc. 43, ¶ 14). It seems that Plaintiffs are interchanging the claims of negligent supervision and *respondeat superior*. However, these claims are separate and distinct from each other. *Madden*, 346 Ark. at 415, 28 S.W.3d at 350. Under the doctrine of *respondeat superior*, an employer can be held liable for the tortious conduct of an employee if there is evidence that the conduct occurred within the employee's scope of employment. *Med. Assurance Co., Inc. v. Castro*, 2009 Ark. 93, ___ S.W.3d ___ (2009). Here, there is no allegation and Plaintiffs have pleaded no facts that show that Mr. Aydani committed tortious acts within the scope of his employment at Pittman Nursery. Moreover, it is unclear from the complaint what tortious acts Plaintiffs are alleging that Mr. Aydani or other Pittman Nursery employee committed for which Pittman Nursery could be liable under a theory of *respondeat superior*. Accordingly, any claims Plaintiffs assert under a theory of *respondeat superior* are dismissed as to all Defendants.

### 4. AWPA

Plaintiffs claim that Defendants unlawfully failed to provide adequate written pay statements in violation of certain provisions of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1831(c) and 29 U.S.C. § 1821(d). Pittman Nursery argues that Plaintiffs' AWPA claims must fail because Plaintiffs do not qualify as "migrant" or "seasonal" agricultural workers under the statute. It is unclear whether Plaintiffs intend to actually assert an independent

AWPA claim against Defendants.³ This does not matter, however, because AWPA's definition of "migrant agricultural worker" and "seasonal agricultural worker" expressly exclude "temporary nonimmigrant alien[s] who [are] authorized to work in agricultural employment in the United States under sections 101(a)(15)(H)(ii)(a) and 214(c) of the Immigration and Nationality Act." 29 U.S.C. § 1802(8)(B) and (10)(B). In other words, persons authorized to work pursuant to Section 101(a)(15)(H)(ii)(a), otherwise knows as "H-2A," are not "migrant" or "seasonal" agricultural workers for purposes of the AWPA. In their complaint, Plaintiffs have not alleged any facts showing that they qualify as seasonal or migrant agricultural workers under the AWPA. In fact, Plaintiffs admit that they are in the United States "pursuant to H-2A non-immigrant visas." (Doc. 43, p. 3). Thus, because Plaintiffs do not qualify as "migrant" or "seasonal" agricultural workers under the AWPA, any AWPA claims against all Defendants are dismissed.

### 5. Other Possible Claims

Defendants argue that, if Plaintiffs' complaint brings causes of action for conversion, breach of good faith and fair dealing, lost business opportunities, and retaliation, these claims should be dismissed for failure to state a claim. The Court does not believe that Plaintiffs intend to assert independent and separate causes of action for any of these claims. It seems that Plaintiffs intend to assert conversion, lost business opportunities, and "tortious breach of the duty of good faith and fair dealing arising out of" a contract⁴ as components of their RICO claim and not as independent causes

---

³Plaintiffs' AWPA allegations can be found under the major heading "Fourth Cause of Action[:] Class Action Allegations."

⁴Arkansas does not recognize as a separate tort a breach of the implied duty of good faith. *County Corner Food & Drug, Inc. v. First State Bank & Trust Co. of Conway*, 332 Ark. 645, 966 S.W.2d 894 (1998).

of action.[5] Plaintiffs have not pleaded retaliation as a separate cause of action and simply mention that whether Defendants "unlawfully discriminated against Plaintiffs for filing this complaint" is a common question of law and fact for a subclass of Plaintiffs from whom Mr. Aydani extorted money.[6] (Doc. 43, ¶ 27). Moreover, the complaint is devoid of any facts that support a retaliation claim.

In their complaint, Plaintiffs name four different causes of action. The first cause of action is under the FLSA. The second cause of action is under RICO. The third cause of action is entitled "Negligent Supervision." The fourth cause of action is entitled "Class Action Allegations." The Court does not read the complaint to include any other separate and independent causes of action. To the extent that Plaintiffs did intend to allege causes of action for conversion, breach of good faith and fair dealing, lost business opportunities, and retaliation, these causes of action are not properly plead and are dismissed.

## IV. CONCLUSION

For the reasons discussed herein, the Court finds that Defendant Pittman Nursery's Motion for Partial Judgment on the Pleadings should be and hereby is **GRANTED**. Accordingly, Plaintiffs' causes of action against all Defendants for violations of RICO and AWPA are dismissed. Further, Plaintiffs' claims against all Defendants regarding negligent supervision and *respondeat superior* liability are dismissed. To the extent that Plaintiffs allege any independent causes of action for conversion, breach of good faith and fair dealing, lost business opportunities, and retaliation, these

---

[5]In their complaint, Plaintiffs mention these allegations under the major heading "Second Cause of Action (RICO). (Doc. 43, p. 5-6).

[6]Plaintiffs' "retaliation language" can be found under the major heading "Fourth Cause of Action[:] Class Action Allegations."

claims are dismissed. Plaintiffs' causes of action under the FLSA remain. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 16th day of March, 2010.

                                                                                        /s/ Harry F. Barnes
                                                                                        Hon. Harry F. Barnes
                                                                                        United States District Judge